[No. 33312.   Department Two.   April 12, 1956.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES M. UNOSAWA, *Appellant*.[1]

*Monheimer, Schermer & Mifflin,* for appellant.

*Charles O. Carroll* and *Stuart D. Barker, Jr.,* for respondent.

WEAVER, J.—Appellant, a licensed osteopathic physician and surgeon, was found guilty on two counts: abortion, and manslaughter by abortion.

Count I is based upon Rem. Rev. Stat., § 2448 [*cf.* RCW 9.02.010]:

[1]Reported in 296 P. (2d) 315.

"Every person who, with intent thereby to produce the miscarriage of a woman, *unless the same is necessary to preserve her life* or that of the child whereof she is pregnant, shall—(1) Prescribe, supply, or administer to a woman, whether pregnant or not, or advise or cause her to take any medicine, drug or substance; or,

(2) Use, or cause to be used any instrument or other means; Shall be guilty of abortion, and punished by imprisonment in the state penitentiary for not more than five years, or in the county jail for not more than one year." (Italics ours.)

Count II is based upon Rem. Rev. Stat., § 2397 [*cf.* RCW 9.48.080]:

"Every person who shall provide, supply or administer to a woman whether pregnant or not, or shall prescribe for or advise or procure a woman to take any medicine, drug or substance, or shall use or employ, or cause to be used or employed, any instrument or other means, with intent thereby to procure the miscarriage of a woman, *unless the same is necessary to preserve her life,* in case the death of the woman or of any quick child of which she is pregnant is thereby produced, shall be guilty of manslaughter." (Italics ours.)

In accordance with these statutes, both counts of the information allege that appellant's

". . . acts . . . [were not] then and there necessary to preserve the life of the said Martha Alit, or of the child with which she was then and there pregnant . . ."

As one of the necessary elements of the *corpus delicti*, the state must produce evidence that the alleged acts of appellant were *not* necessary to preserve the life of the decedent. *State v. Powers*, 155 Wash. 63, 283 Pac. 439 (1929) (abortion); *State v. Martin*, 178 Wash. 290, 34 P. (2d) 914 (1934) (manslaughter by abortion); *State v. Unosawa*, 29 Wn. (2d) 578, 585, 188 P. (2d) 104 (1948); Annotation, Abortion: necessity to save life. 153 A. L. R. 1266 (1944) 1 Am. Jur. 150.

The state may sustain the burden of proving the nonnecessity of the operation to preserve life by introducing evidence of the good health of decedent prior to the operation. *State v. Martin, supra; Grecu v. State*, 233 Ind. 464, 120 N. E. (2d) 179 (1954); *People v. Emery*, 79 Cal.

App. (2d) 226, 179 P. (2d) 843 (1947); *State v. DeGroat,* 259 Mo. 364, 168 S. W. 702 (1914); *State v. Wells,* 35 Utah 400, 100 Pac. 681 (1909); *Howard v. People,* 185 Ill. 552, 57 N. E. 441 (1900); *Hatchard v. State,* 79 Wis. 357, 48 N. W. 380 (1891).

■ There is no evidence of decedent's health immediately prior to the alleged operation, other than the testimony of a friend, who made no statement that decedent was ill or hemorrhaging. This is not sufficient. The state cannot rely on the absence of evidence to establish a fact which the statutes require the state to prove.

The only evidence which might be said to bear on this is found in the testimony of Dr. Gale Wilson, an autopsy surgeon of wide experience, who testified for the state.

"Q Were you able to form any opinion, Doctor, as to whether or not there was any *emergency* or *necessity* to operate upon the person of the deceased Martha Alit on Saturday, October 16, 1954? . . . The Court: Do you have an opinion? A Yes, Your Honor . . . Q And what is that opinion, Doctor? . . . A From the condition found at autopsy there was nothing to indicate any *emergency* as far as operation was concerned." (Italics ours.)

■ An "emergency" is an unforeseen combination of circumstances which call for immediate action. See *State ex rel. Gray v. Martin,* 29 Wn. (2d) 799, 806, 189 P. (2d) 637 (1948). A "necessity" is that which is unavoidable; something which must be accomplished to attain a desired result. The two words are not interchangeable in construing these two statutes (Rem. Rev. Stat., § 2448, and Rem. Rev. Stat., § 2397).

Dr. Wilson's testimony does not meet the requirements of the rule that the state must produce evidence that the operation was not *necessary* to preserve the life of decedent.

There having been no proof of this necessary element of the crimes for which appellant was tried, it was error to deny his motion in arrest of judgment.

The judgment is reversed.

HAMLEY, C. J., OTT, HILL, and ROSELLINI, JJ., concur.

June 4, 1956. Petition for rehearing denied.