[No. 34262.   Department Two.   April 24, 1958.]

THE STATE OF WASHINGTON, *Respondent*, v. ANN BATES, *Defendant*, WAYNE MCATEE, *Appellant*.[1]

[1]Reported in 324 P. (2d) 810.

*Gleeson & Smith,* for appellant.

*John J. Lally, Joseph J. Rekofke,* and *John P. Tracy, Jr.,* for respondent.

RoSELLINI, J.—The appellant was convicted on two counts of aiding and abetting the commission of the crime of abortion, and was sentenced to five years in the state penitentiary on each count, the sentences to run concurrently. One Ann Bates, a nurse, who was jointly charged and tried with him, was also convicted but has not appealed.

It is first urged by the appellant that the information was insufficient to apprise him of the nature of the offense with which he was charged, in that it failed to state just what he had done to "counsel, encourage, hire, procure, aid or abet the principal."

The charging portion of the information is as follows:

### "Count I.

"Comes now the Prosecuting Attorney in and for Spokane County, Washington, and charges the defendants, Ann Bates and Wayne McAtee, with the crime of Abortion, committed as follows:

"That the said defendant, Ann Bates, in the County of Spokane, State of Washington, on or about the 21st day of December, 1955, then and there being, did then and there willfully, unlawfully and feloniously, with intent thereby to produce the miscarriage of Betty Lou Meili, a woman, use upon the person of the said Betty Lou Meili instruments and other means, the same not being necessary to preserve her life or that of the child where of she was pregnant; and that the said defendant, Wayne McAtee, though not personally present at the time said instruments and other means were used on the person of the said Betty Lou Meili, as aforesaid, did, in the County of Spokane, State of Washington, on or about the 16th day of December, 1955, willfully, unlawfully and feloniously counsel, encourage, hire, procure, aid and abet the said Ann Bates in the commission of the crime as aforesaid.

## "Count II.

"And the Prosecuting Attorney, as aforesaid, further charges the said defendants, Ann Bates and Wayne Mc-Atee, with the crime of Abortion, committed as follows:

"That the said defendant, Ann Bates, in the County of Spokane, State of Washington, on or about the 21st day of May, 1956, then and there being, did then and there willfully, unlawfully and feloniously, with intent thereby to produce the miscarriage of Sunnie Hulett, a woman, use upon the person of the said Sunnie Hulett instruments and other means, the same not being necessary to preserve her life or that of the child whereof she was pregnant; and that the said defendant, Wayne McAtee, though not personally present at the time said instruments and other means were used on the person of the said Sunnie Hulett as aforesaid, did, in the County of Spokane, State of Washington, on or about the 18th day of May, 1956, willfully, unlawfully and feloniously counsel, encourage, hire, procure, aid and abet the said Ann Bates in the commission of the crime as aforesaid."

The crime of abortion is defined in RCW 9.02.010 as follows:

"Every person who, with intent thereby to produce the miscarriage of a woman, unless the same is necessary to preserve her life or that of the child whereof she is pregnant, shall—

(1) Prescribe, supply, or administer to a woman, whether pregnant or not, or advise or cause her to take any medicine, drug or substance; or,

(2) Use, or cause to be used, any instrument or other means;

Shall be guilty of abortion, and punished by imprisonment in the state penitentiary for not more than five years, or in the county jail for not more than one year."

RCW 9.01.030 provides:

" . . . every person who directly or indirectly counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor, is a principal, and shall be proceeded against and punished as such. . . ."

█ It is sufficient, in charging a crime, to follow the language of the statute, where such crime is there defined

and the language used is adequate to apprise the accused with reasonable certainty of the nature of the accusation. *State v. Olsen*, 43 Wn. (2d) 726, 263 P. (2d) 824; *State v. Moser*, 41 Wn. (2d) 29, 246 P. (2d) 1101; *State v. Forler*, 38 Wn. (2d) 39, 227 P. (2d) 727. But an information may be so vague as to be subject to a motion for a bill of particulars, or it may be so vague as to fail to state any crime whatsoever. *State ex rel. Clark v. Hogan*, 49 Wn. (2d) 457, 303 P. (2d) 290.

■ If the information charges a crime (and here there can be no question that it does), an information will be considered sufficient when the facts constituting the crime are so stated that a man of common understanding can determine therefrom the offense with which he is charged. *State v. Ternan*, 32 Wn. (2d) 584, 203 P. (2d) 342, and cases cited therein.

■ The portions of the information which the appellant thinks are too vague are taken from the language of the statute. They are commonly understood words, and we can think of none which would convey the nature of the charge better. Nor has the appellant suggested in what way the information could be improved without setting forth the evidence in detail. This the state is not called upon to do. The objection to the information is not well taken.

■ Likewise, errors assigned to the refusal to grant a continuance after the opening statement by the prosecutor are without merit. The appellant's motion was based upon his contention that the information was inadequate, and the court properly refused it. In addition, the appellant made no attempt to comply with the statute governing continuances (RCW 10.46.080), and for this reason may not complain that the court abused its discretion in denying his motion. *State v. Olsen, supra.*

■ Another assignment is that the court erred in denying the appellant's motion to dismiss at the close of the state's case. He did not stand upon his motion, but proceeded to introduce evidence in his own behalf. He thereby waived his motion and cannot urge the court's denial thereof

as error. *State v. Emmanuel,* 42 Wn. (2d) 799, 259 P. (2d) 845; *State v. Dildine,* 41 Wn. (2d) 614, 250 P. (2d) 951.

■■ It is next urged that the state failed to prove that the operations were not necessary to preserve life. The burden is upon the state to prove this element of the crime, but the proof may be made by circumstantial evidence. *State v. Unosawa,* 48 Wn. (2d) 616, 296 P. (2d) 315; *State v. Powers,* 155 Wash. 63, 283 Pac. 439. The state may sustain the burden by introducing evidence of the good health of the woman prior to the abortion (*State v. Olsen, supra*) or by showing that the accused operated on a healthy woman, at her request, to procure an abortion. *State v. Martin,* 178 Wash. 290, 34 P. (2d) 914.

In this case, there was the direct evidence of the two prosecuting witnesses, each of whom testified that she was in good health at the time of the transaction and went to the appellant, a doctor, to determine whether she was pregnant, and upon being informed that she was, asked if he could help her and was told that he could. Each of them left her telephone number with the appellant and was called later by Ann Bates, who performed the abortions. The appellant himself testified that one of the women was in good health when he examined her.

■ This evidence, if believed, was sufficient to prove that the operations were not necessary. Also tending to establish their impropriety was the atmosphere of secrecy which surrounded the arrangements, and the fact that the operations were performed by a nurse, rather than a doctor.

■ It is next urged that the court erred in admitting testimony by the complaining witnesses concerning telephone calls which they had received from a woman identifying herself as "Ann." In both instances, appointments were made with "Ann," and the appointments were kept by Ann Bates. The appellant relies upon the case of *State v. Manos,* 149 Wash. 60, 270 Pac. 132, holding that a telephone conversation with an unidentified person whose voice was not recognized is inadmissible as hearsay. Evidence of a conversation of this type may be received, however, where there

is other identifying evidence. Quoting from *Young v. Seattle Transfer Co.*, 33 Wash. 225, 74 Pac. 375, we said in *State v. Manos, supra*:

"When material to the issues, communications through the medium of the telephone may be shown in the same manner, and with like effect, as conversations had between individuals face to face, but the identity of the party sought to be charged with a liability must be established by some testimony, either direct or circumstantial."

The voice of "Ann" was identified as that of Ann Bates by the circumstance that the appellant had told the recipients of the calls that the nurse would call them and by the fact that the appointments which were made were kept by her. In addition, Ann Bates admitted having made the calls. Testimony regarding the conversations was therefore properly admitted. It was admissible, also, as a part of the circumstances of the alleged crimes. *State v. Peterson*, 109 Wash. 25, 186 Pac. 264, 8 A. L. R. 652.

It is also urged by the appellant that references which were made to him in these conversations were inadmissible against him and that the jury should have been so instructed. It is well settled in this state, however, that, where there is a prosecution of two persons, evidence of a conversation between the prosecuting witness and one of the defendants when the other was not present is admissible against the other if the facts show a concert of action and that both defendants were parties to the crime. *State v. Pettit*, 74 Wash. 510, 133 Pac. 1014, and cases cited. The evidence showed that the appellant procured the services of Ann Bates for the two women who consulted him and asked for this type of service, that he examined them after the abortions and shared in the fees which they paid. Clearly, the statements of his codefendant made during the course of the transaction were admissible against him. By the same token, the court properly refused an instruction requested by the appellant, to the effect that statements made by Ann Bates in these conversations were not to be considered as evidence against him.

■ Another complaint of the appellant which finds no justification in the record is that a written confession of his codefendant was improperly admitted against him. Before this confession was submitted to the jury, certain portions of it, to which the appellant objected, were deleted. In regard to the portion of the confession which the jury was allowed to consider, the court gave explicit instructions that the statements contained therein could not be considered as evidence against the appellant. This was all that was required. *State v. Taylor,* 47 Wn. (2d) 213, 287 P. (2d) 298; *State v. Goodwin,* 29 Wn. (2d) 276, 186 P. (2d) 935.

■ It is finally contended that an instruction on circumstantial evidence, which correctly stated the law, nevertheless was prejudicial to the appellant because it detracted from the force of an instruction regarding the degree of proof necessary for a conviction which the appellant requested and was given. In effect, the appellant's proposition is that guilt may not be established beyond a reasonable doubt by circumstantial evidence. Such is not the law. *State v. Charley,* 48 Wn. (2d) 126, 291 P. (2d) 673; *State v. Taylor, supra; State v. Long,* 44 Wn. (2d) 255, 266 P. (2d) 797. We see nothing inconsistent between an instruction to the effect that a defendant's guilt must be established beyond a reasonable doubt and an instruction that such guilt may be shown by circumstantial evidence as well as by direct.

The appellant had a fair trial in every respect, and the evidence against him was ample to sustain the verdict. The judgment is therefore affirmed.

HILL, C. J., DONWORTH, WEAVER, and FOSTER, JJ., concur.

June 9, 1958. Petition for rehearing denied.