[No. 34513.   Department Two.   May 1, 1958.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES
THOMAS, *Appellant.*

*Hugh D. Farwell* and *Samuel W. Fancher,* for appellant.

*John J. Lally* and *William G. Luscher,* for respondent.

ROSELLINI, J.—The defendant was charged in two counts
with the crimes of rape and oral sodomy.  The jury re-
turned a verdict of guilty on both counts, and the defendant
was sentenced to serve a maximum term of twenty years on
the first count and ten years on the second, the sentences to
run concurrently.

The appeal is brought on two assignments of error, both
pertaining to the conviction of rape.  The first error assigned

is that the court erred in denying the defendant's motion to dismiss at the close of the plaintiff's case, and the second, that it erred in failing to grant a mistrial because of the testimony of one of the plaintiff's witnesses.

The defendant did not stand on his motion to dismiss, but proceeded to introduce testimony in his own behalf. Although another challenge to the sufficiency of the evidence was presented at the close of the defendant's case, no error is assigned to its denial. This court has consistently adhered to the rule that a challenge to the sufficiency of the evidence at the close of the plaintiff's case is waived by a defendant who does not stand on his motion and proceeds to present evidence on his own behalf, after his motion to dismiss has been denied. *Hector v. Martin*, 51 Wn. (2d) 707, 321 P. (2d) 555, and cases cited therein. The rule applies equally in criminal cases. *State v. Dildine*, 41 Wn. (2d) 614, 250 P. (2d) 951; *State v. Brown*, 178 Wash. 588, 35 P. (2d) 99.

While we are not called upon to review the evidence in the case, we have nevertheless examined the record carefully.

It is the appellant's position that the verdict was unjustified, since there was evidence that, during the afternoon preceding the act of intercourse (which he admits), the prosecuting witness had shown an amorous interest in him and had engaged in kissing and petting with him. This, he contends, is strong evidence of consent. However, the testimony of the complaining witness was that she resisted the advances of the defendant both physically and verbally until she was exhausted. Her testimony of nonconsent is substantiated by certain evidence of force found upon her clothes and person, by the fact that she was in an hysterical condition immediately after the alleged attack and made complaint to her parents and to the police within a few hours. This evidence, if believed, was more than sufficient to sustain the conviction. In this jurisdiction, since the repeal of Rem. & Bal. Code § 2443, corroboration of the prosecuting witness in cases of this nature is not required. *State*

*v. Clayton*, 32 Wn. (2d) 571, 202 P. (2d) 922; *State v. Davis*, 20 Wn. (2d) 443, 147 P. (2d) 940.

The second and last assignment of error pertains to the testimony of the deputy sheriff to whom the prosecuting witness made complaint on the morning following the encounter. This witness testified concerning the general nature of her complaint. No objection was made to his testimony, nor was the court requested to instruct the jury to disregard it. The defendant contends that the testimony was so prejudicial that the court should have, of its own motion, granted a mistrial. He relies upon the case of *State v. Case*, 49 Wn. (2d) 66, 298 P. (2d) 500, holding that, where the misconduct of the prosecutor is so flagrant that no instruction could cure it, it may be urged as error even though no curative instruction was requested. In that case, the prosecutor's misconduct in his arguments to the jury consisted of statements of extraneous opinions, a dissertation on sex deviation having no support in the record, and expressions of his personal belief in the guilt of the accused. This court said:

"We are satisfied that the cumulative effect of the deputy prosecuting attorney's repeated improprieties in argument, together with his branding of the defendant's character witnesses as 'his entire herd,' constitutes such flagrant misconduct that no instruction or series of instructions to disregard what he had said could have cured the prejudicial error."

The gist of the holding was that the minds of the jury were bound to be prejudiced by the cumulative effect of the prosecutor's inflammatory and unwarranted arguments, and that a fair trial was therefore denied the accused. The error complained of in this case, to which the trial court's attention was not directed, is of an entirely different nature. It is admitted that evidence that the prosecuting witness made timely complaint to the authorities is admissible, as bearing upon her credibility. *State v. Murley*, 35 Wn. (2d) 233, 212 P. (2d) 801. Details of the complaint, however, are inadmissible, as hearsay, unless the

complaint was made so soon after the occurrence as to be a part of the *res gestae*. *State v. Smith*, 3 Wn. (2d) 543, 101 P. (2d) 298. In other words, the error complained of, if it may be truly said that the witness gave any details of the complaint, is that incompetent evidence was improperly admitted to corroborate the prosecuting witness.

■ Such evidence, when relevant and when admitted without objection, may properly be considered by the jury for whatever probative value it may have. *State v. Paris*, 43 Wn. (2d) 498, 261 P. (2d) 974. The defendant's counsel apparently did not consider the testimony harmful when it was given and, in fact, sought to draw out further details on cross-examination. Since no objection was made and the trial court was given no opportunity to correct the error, if any there was, the assignment cannot be considered. *State v. Payne*, 25 Wn. (2d) 407, 171 P. (2d) 227; *State v. Whetstone*, 30 Wn. (2d) 301, 191 P. (2d) 818.

The judgment is affirmed.

HILL, C. J., DONWORTH, WEAVER, and FOSTER, JJ., concur.

---

June 16, 1958. Petition for rehearing denied.