[No. 35466.   Department One.   April 27, 1961.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD MORRIS "DICK" GOLDSTEIN, *Appellant.**

*Moschetto & Alfieri,* for appellant.

*Charles O. Carroll* and *Dominick V. Driano,* for respondent.

FOSTER, J.—Appellant appeals from a conviction of grand larceny "by means of trick, device and bunco, and by false and fraudulent representations."

Without delivering the title certificate, appellant sold a green Ford two-door sedan to George Neault who paid him

*Reported in 361 P. (2d) 639.

the full cash price for it. Instead, appellant took the title certificate to Robert C. Champine, the manager of a finance company, to whom he represented that it covered the title to another car of the same model which appellant was then driving. Goldstein asked Champine to loan him four hundred fifty dollars for thirty days on the second car supported by the title certificate for the car previously sold to Neault. Mr. Champine advised that his finance company would not make the loan but that he had a friend who would. Champine relayed appellant's request for the loan to D. P. Dainard who told Champine to advance the money and that he, Dainard, would reimburse Champine.

The information charges that Dainard was defrauded. Champine, for Dainard, did advance to the appellant four hundred fifty dollars. The falsity of the appellant's representations was discovered when he defaulted in payment. He was then charged with grand larceny. Upon ample evidence, the jury found the appellant guilty, and from the judgment and sentence upon that verdict, appellant appeals.

The appellant makes three assignments of error: (1) The overruling of his challenge of the sufficiency of the evidence at the close of the state's case; (2) the admission of evidence of agency between Champine and his principal, Dainard; and (3) the giving of three instructions.

Appellant argues that the court erred in overruling his challenge to the sufficiency of the evidence at the close of the state's case. This motion, however, was not renewed at the close of all the evidence, and there is no assignment that the evidence is insufficient to sustain the verdict.[1] The defendant did not stand on his motion but presented evidence in his own defense. This waived the challenge to the sufficiency of the evidence made at the conclusion of the state's case. *State v. Thomas*, 52 Wn. (2d) 255, 324 P. (2d) 821.

---

[1] "Q. Did Mr. Goldstein make any representations to you regarding the title? . . . A. Yes, he indicated this title was for the car that was in front of the office."

■ The second assignment of error is that evidence of agency between Champine and his principal, Dainard, should have been excluded. The information charged that the property taken belonged to D. P. Dainard with whom the appellant had no direct dealing. At the time Champine advanced the four hundred fifty dollars to the appellant, the appellant was fully aware that Champine was acting for another. Moreover, there is evidence of a meeting between Dainard and the appellant after which he was entirely conversant with the entire transaction. In any event, the assignment is without merit because RCW 10- .58.040[2] provides that in any crime in which intent to defraud is an element, it is sufficient to prove an intent to defraud any person.

RCW 10.58.060[3] provides that for fraudulently obtaining money, it shall be sufficient to prove that either the actual or constructive possession, or the general or special property in the whole, or any part of such money, was in the person alleged to be the owner thereof. We find no merit in the assignment that the court erred in admitting evidence of the agency between Champine and Dainard.

A third assignment of error relates to the giving of three instructions, but the assignment is waived because the only argument made is that the instructions were too brief. There is no claim of the refusal to give requested instructions or that those given were incorrect.

---

[2]"Whenever an intent to defraud shall be made an element of an offense, it shall be sufficient if an intent appears to defraud any person, association or body politic or corporate whatsoever." RCW 10.58.040.

[3]"In the prosecution of any offense committed upon, or in relation to, or in any way affecting any real estate, or any offense committed in stealing, embezzling, destroying, injuring, or fraudulently receiving or concealing any money, goods, or other personal estate, it shall be sufficient, and shall not be deemed a variance, if it be proved on trial that at the time when such offense was committed, either the actual or constructive possession, or the general or special property in the whole, or any part of such real or personal estate, was in the person or community alleged in the indictment or other accusation to be the owner thereof." RCW 10.58.060.

■ Nondirection,[4] that is, failure to instruct in the absence of a request, is not error. *State v. Pavelich,* 153 Wash. 379, 279 Pac. 1102; *State v. Ross,* 85 Wash. 218, 147 Pac. 1149. In *State v. Myers,* 53 Wn. (2d) 446, 334 P. (2d) 536, it was held:

"The third assignment of error is that 'The Court erred in giving manifestly inadequate instructions in connection with the included offense of manslaughter.' . . .

"Misdirection may be error, but nondirection, in the absence of a request, is never error. Counsel forthrightly concedes that no instruction upon this subject was requested. Consequently, the assignment of error presents nothing for this court to review."

We find no error in the instructions.

The judgment is affirmed.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.

---

June 14, 1961. Petition for rehearing denied.

---

[4]Over one hundred years ago, Mr. Justice Story of the Supreme Court of the United States clearly explained the matter:

"In the argument at the bar, much reliance has been placed upon this evidence by the counsel for both parties. It has been said, on behalf of the defendants in error, that it called for other and explanatory directions from the court, and that the omission of the court to give them in the charge, furnishes a good ground for a reversal, as it would have furnished in the court below for a new trial. But it is no ground of reversal, that the court below omitted to give directions to the jury upon any points of law which might arise in the cause, where it was not requested by either party, at the trial. It is sufficient for us, that the court has given no erroneous directions. If either party deems any point presented by the evidence to be omitted in the charge, it is competent for such party to require an opinion from the court upon that point; if he do not, it is a waiver of it. The court cannot be presumed to do more, in ordinary cases, than to express its opinion upon the questions which the parties themselves have raised at the trial. . . ." *Pennock v. Dialogue,* 27 U. S. 1, 15, 7 L. Ed. 327.