[No. 38640.    Department Two.    December 1, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN BROOKS
MUDGE, *Appellant*.*

*Arthur D. Keil*, for appellant (Appointed counsel for appeal).

*Charles O. Carroll* and *Edwin S. Stone*, for respondent.

PER CURIAM.—A jury found the appellant guilty on two counts of unlawful sale of Cannabis Sativa (marijuana), a narcotic drug. The dates of these alleged transactions were: Count 1, March 16, 1965, and count 2, May 4, 1965. The record reflects no motions made by the appellant for a directed verdict or to challenge the sufficiency of the evidence. The appellant took no exceptions to the trial court's instructions. He has appealed from a sentenc of a maximum term

*Reported in 420 P.2d 863.

of not more than 20 years on each count. Counsel on appeal did not represent appellant during the trial.

The assignments of error were as follows: The court erred (1) in submitting the question of defendant's guilt or innocence on count 1 to the jury; (2) in failing to dismiss with prejudice the charges against the defendant on both counts 1 and 2 at the conclusion of the state's case and in not ruling that the state had failed to prove all elements necessary to establish an illegal sale of narcotics as defined by the laws of the state of Washington.

As noted, the appellant did not raise these issues before the trial court. This court has many times held that issues not raised at the trial level cannot for the first time be raised on appeal. *State v. Miller*, 66 Wn.2d 535, 403 P.2d 884 (1965).

At the conclusion of the state's case, the defendant took the stand and testified in his own behalf. This court has held that a motion to dismiss at the end of the state's case is waived when the defendant offers evidence in his own behalf. *State v. Bates*, 52 Wn.2d 207, 324 P.2d 810 (1958).

A complete review of the record reveals that the appellant received a fair and impartial trial. The trial court had no alternative but to submit the question of the defendant's guilt or innocence to the jury for determination. On both counts the evidence and the reasonable inferences therefrom are consistent with the defendant's guilt and inconsistent with any reasonable theory of innocence. The jury is the sole and exclusive judge of the evidence, the weight and the credibility of witnesses. This court will not reverse if there is substantial evidence to support the jury findings. *State v. Mickens*, 61 Wn.2d 83, 377 P.2d 240 (1962).

As to both counts, the appellant contends the state did not prove that a narcotic drug was the subject of the sales which were described in the information. We have just had occasion to consider this same question. *State v. Garcia, ante* p. 546, 419 P.2d 121 (1966). In both cases an expert chemical analyst employed by the United States Treasury Department, William J. Gowans, testified that he had chem-

ically analyzed the contents of each bag admitted in evidence and determined that they contained the narcotic drug "Cannabis Sativa" which is commonly known as marijuana.

The testimony of Mr. Gowans was not contradicted; in conjunction with the other evidence it was sufficient to establish a prima facie case of two sales of "Cannabis Sativa." The appellant had the burden of proving, as a matter of defense, that the bags sold by him contained only the parts of the marijuana plant described in RCW 69.33-.220(13) as not within the statutory definition of Cannabis Sativa. *State v. Garcia, supra.*

We find no reversible error arising out of appellant's assignments of error.

The judgment and sentence entered by the trial court upon the jury's verdict of guilty as to both counts are hereby affirmed.

February 6, 1967. Petition for rehearing denied.