16

[No. 39978.    Department One.    June 13, 1968.]

THE CITY OF SEATTLE, *Respondent*, v. JANICE L. RUFFIN, *Appellant.**

*James A. Alfieri* and *Richard G. Martinez*, for appellant.

*A. L. Newbould* and *Richard H. Wetmore*, for respondent.

WEAVER, J.—September 11, 1967, defendant-appellant was convicted in the municipal court of Seattle of unlawfully offering or agreeing to commit an act of prostitution in violation of Seattle ordinance 73095, § 1.[1]

Upon appeal to the superior court, sitting without a jury, defendant was again found guilty. Findings of fact and conclusions of law were entered; she was fined $100, and sentenced to 90 days in jail.

Defendant makes one assignment of error on appeal: "the trial court erred when it refused to grant the defendant's motion to dismiss" on the grounds of insufficiency of the evidence. This motion was made at the close of the city's case. Defendant proceeded to present evidence in her behalf. The motion was not renewed.

In a plethora of decisions, illustrated by *State v.*

*Reported in 442 P.2d 619.

[1] "It shall be unlawful to commit or offer or agree to commit any act of prostitution, fornication, assignation or any other lewd or indecent act . . . ." Seattle Ordinance 73095, § 1; February 7, 1944.

*Nelson,* 63 Wn.2d 188, 386 P.2d 142 (1963), we held that, in these circumstances, the motion to dismiss is waived. In *Nelson, supra,* the court said:

> Upon denial of the motion, at the conclusion of the state's case in chief, defendant presented evidence upon his own behalf. He did not renew his motion at the close of all of the evidence. He cannot now predicate error upon the trial court's denial of such motion. *State v. Goldstein,* 58 Wn. (2d) 155, 361 P. (2d) 639; *State v. Thomas,* 52 Wn. (2d) 255, 324 P. (2d) 821; *State v. Bates,* 52 Wn. (2d) 207, 324 P. (2d) 810; *State v. Emmanuel,* 42 Wn. (2d) 799, 259 P. (2d) 845; *State v. Dildine,* 41 Wn. (2d) 614, 250 P. (2d) 951.

No error is assigned to the findings of fact. They became the established facts of the case. ROA 43.

The judgment and sentence are affirmed.

FINLEY, C. J., HALE and McGOVERN, JJ., and DONWORTH, J. Pro Tem., concur.