[No. 40154.    Department Two.    January 16, 1969.]

*In the Matter of the Welfare of* FAI RICHARD, *a Minor.* FRANCES SIMMONS, *Petitioner,* v. THE STATE OF WASHINGTON, *Respondent.**

*Reported in 449 P.2d 809.

*Bertram L. Metzger, Jr.,* for petitioner.

*Charles O. Carroll, Laurence A. Mosler,* and *Edmund P. Allen,* for respondent.

HAMILTON, J.—This cause comes here by way of a writ of certiorari to review an adjudication that a 14-year-old girl was a delinquent child under the provisions of RCW 13.04.010, which reads, *inter alia:*

> The words "delinquent child" mean any child under the age of eighteen years who violates any law of this state, or any ordinance of any town, city, or county of this state defining a crime or who has violated any federal law or law of another state defining a crime, and whose case has been referred to the juvenile court by any jurisdiction whatsoever.

The charging part of the verified petition filed in juvenile court alleging delinquency reads:

> That the said child is delinquent as defined by RCW 13.04.010 in that said child, on or about 11/9/67 in the County of King, State of Washington, did create a disturbance on a city transit bus at 3rd Ave. and Pine St. in that she broke glass in the rear exit door of the bus, she was verbally abusive (profane) to the coach operator, and she struck, kicked, and bit a police officer.

A fact-finding hearing was held in juvenile court at which the minor was represented by counsel. At the conclusion of the evidence, the juvenile court judge, by way of oral opinion, stated:

> She broke glass. She was very abusive, and she struck, kicked, and bit at a police officer. She was actually guilty of assault on the officer, at least third degree assault, and she had disturbed the peace.
>
> I am sure that without any mention of it we all know that there is a City ordinance to that effect.

Thereafter, the juvenile court judge entered findings of fact to the effect that the allegations of misconduct were essentially true and that the minor was a delinquent child. She was placed on probation for 6 months and released.

The disturbing of the peace ordinance obviously referred to by the juvenile court judge in his oral decision is Seattle Code § 12.11.020 (Ordinance No. 16046).[1] The relevant assault statutes are RCW 9.11.020(3), (6),[2] and 9.11.030.[3]

Petitioner, by her first two contentions before this court, asserts that the delinquency petition is so vague and indefinite as to deny the juvenile and her parents due process of law. In support of this assertion petitioner argues that the delinquency petition does not adequately notify the juvenile and her parents of the particular violations of law charged because (a) there is no criminal statute or ordinance which specifically makes it a crime to "create a disturbance on a city transit bus," and (b) there are numerous statutes and ordinances which might otherwise be applicable. Ergo, petitioner contends, the failure to specify the

---

[1] "It shall be unlawful for any person to be guilty of fighting, drunkenness or of riotous or disorderly conduct, or of any conduct tending to disturb the public peace, or to use any profane or abusive language, or to engage in any act or practice whereby the peace or quiet of the city may be disturbed, or to use any obscene language or be guilty of any indecent or immoral act, practice or conduct tending to debauch the public morals." Seattle Code § 12.11.020.

[2] "Every person who, under circumstances not amounting to assault in the first degree—

"  .  .  .

"(3) Shall wilfully inflict grievous bodily harm upon another with or without a weapon; or

"  .  .  .

"(6) Shall assault another with intent to commit a felony, or to prevent or resist the execution of any lawful process or mandate of any court officer, or the lawful apprehension or detention of himself or another person; or

"  .  .  .

"Shall be guilty of assault in the second degree . . . ." RCW 9.11.020.

[3] "Every person who shall commit an assault or an assault and battery not amounting to assault in either the first or second degrees, shall be guilty of assault in the third degree, and shall be punished as for a gross misdemeanor." RCW 9.11.030.

statute or ordinance alleged to have been violated is fatal to the delinquency petition. In this respect petitioner points to *In re Gault,* 387 U.S. 1, 18 L. Ed. 2d 527, 87 Sup. Ct. 1428 (1967).

We find no merit in petitioner's contentions.

■ Generally speaking, and particularly with reference to criminal charges, there are two types of vagueness that courts are called upon from time to time to consider. First, a criminal charge may be so vague as to fail to state any offense whatsoever. In this event, the charge is constitutionally defective and subject to dismissal. *See,* for example, *Seattle v. Jordan,* 134 Wash. 30, 235 Pac. 6 (1925). Secondly, a criminal charge may state an offense but yet be so vague with regard to particulars as to render it subject to a timely motion for a more definite statement. *State v. Bates,* 52 Wn.2d 207, 324 P.2d 810 (1958). In this event the charge is not subject to dismissal unless the prosecuting officials refuse to comply with an order calling for greater particularity. *State v. Thomas,* 73 Wn.2d 729, 440 P.2d 488 (1968). Comparably speaking, in the area of juvenile delinquency allegations, we are satisfied petitioner's challenge to the delinquency petition in the instant case falls into the second category.

RCW 13.04.060 provides, with regard to petitions alleging juvenile delinquency, that "Such petition shall be verified and shall contain a statement of facts constituting such . . . delinquency, . . . ."

■ The requirements of this statute, as well as those of due process, are satisfied when the verified factual allegations of a delinquency petition are specific and definite enough to fairly apprise the juvenile, the parents or guardian, and the juvenile court of the particular acts of alleged misconduct which will be inquired into at a subsequent adjudicatory hearing on the merits. *In re Lewis,* 51 Wn.2d 193, 316 P.2d 907 (1957); *In re Gault, supra.* This is essentially the same test applied to a criminal complaint which will be found to satisfy constitutional notice requirements if the allegations are sufficient to apprise a man of common

understanding of the nature of the charges against him and enable him to prepare his defense. *State v. Bates, supra; State v. Ternan,* 32 Wn.2d 584, 203 P.2d 342 (1949). Applying this test to the delinquency petition in question, it appears manifest to us that the allegations set forth therein are fully adequate to advise the juvenile, her parents and the juvenile court that the juvenile was accused of misconduct amounting to disturbing the peace and assault. Particularly does this seem so when it appears that petitioner and the juvenile involved were represented by counsel at all pertinent stages in the proceeding. Had petitioner or the juvenile desired more specifics in connection with the allegations, either could have timely moved to make the petition more definite. This was not done.

We conclude that the juvenile court did not err in refusing to grant petitioner's motion to dismiss the petition.

By her final contention, petitioner challenges the sufficiency of the evidence to sustain the juvenile court judge's finding of delinquency. In this vein, petitioner first urges that the proper standard of proof in a fact-finding hearing on the issue of delinquency should be proof beyond a reasonable doubt, and secondly, that, in any event, the evidence is insufficient to establish delinquency by even a preponderance of the evidence.

We do not reach petitioner's first argument for the reason that it is advanced for the first time in this proceeding on this review. So far as the record reveals, it was not suggested or urged at the time of the hearing before the juvenile court judge. We have consistently followed the rule that issues not raised at the trial level may not be raised for the first time on review before this court. *State v. McDonald,* 74 Wn.2d 474, 445 P.2d 345 (1968); *State v. Johnson,* 69 Wn.2d 264, 418 P.2d 238 (1966). Even when the trial court properly applies existing law, and a litigant argues for a change in the law, we have held that the issue must be raised at the trial level. *Fidelity & Cas. Co. of New York v. Halibut Producers Cooperative,* 73 Wn.2d 153, 437 P.2d 182 (1968). An exception to this rule arises only

where the claimed error is so serious as to deny a criminal defendant a fundamentally fair trial or invade a basic constitutional right. *State v. Peterson,* 73 Wn.2d 303, 438 P.2d 183 (1968); *State v. Case,* 49 Wn.2d 66, 298 P.2d 500 (1956).

We do not find the exception to the general rule applicable here, nor do we find merit in petitioner's second argument, for the reason that our review of the statement of facts satisfies us that by either standard of proof the evidence clearly establishes that the juvenile involved engaged in a course of conduct on the occasion in question which amounted to a disturbance of the peace and an assault in at least the third degree. The evidence offered in defense of the juvenile did not essentially dispute the basic behavior alleged but rather sought to justify and excuse it. This evidence was properly considered by the juvenile court judge in mitigation of the remedial and corrective measures imposed. Under these circumstances the claimed error, if any, with respect to the standard of proof was harmless. *Cf. Chapman v. California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 Sup. Ct. 824 (1967); *State v. Martin,* 73 Wn.2d 616, 440 P.2d 429 (1968).

The findings and order of the juvenile court are affirmed.

HILL, ROSELLINI, and NEILL, JJ., and WIEHL, J. Pro Tem., concur.