[No. 1523-2. Division Two. August 25, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. PAULINE JOHNSON, *Appellant*.

*James L. Vonasch*, for appellant.

*John C. Merkel, Prosecuting Attorney*, and *C. Danny Clem, Deputy*, for respondent.

WILLIAMS, J.*—Defendant Pauline Johnson was charged in the Superior Court for Kitsap County, Washington, with the crime of receiving or aiding in concealing or withholding stolen property worth more than $75. The case was tried to a jury which found her guilty and she was thereafter sentenced to not more than 15 years in the Purdy Treatment Center for Women at Gig Harbor, Washington. From this judgment the defendant appeals and assigns as error rulings by the trial court (1) denying her motion to dismiss at the end of the State's case; (2) restricting cross-examination of key prosecuting witnesses regarding crimes they had committed; (3) failing to give her proposed instruction regarding possession of stolen property; (4) giving State's instruction No. 11 regarding aiding and abetting; and (5) permitting improper argument of the law and prejudicial statements by the prosecutor.

Evidence was introduced at the trial which, if believed by the jury, would have established among other things the following facts.

Vernon Powers was the victim of an armed robbery committed by Paul Mobley at his jewelry store at about 7:45 p.m. on December 20, 1973. Taken in the robbery was a quantity of jewelry and between $600 and $800 in cash. At the time of the robbery Mobley was wearing a false beard and wig which were prepared by defendant. Prior to the robbery Ms. Johnson was seen preparing the disguise subsequently worn by Mobley, and also in possession of a paper shopping bag containing clothing. Following the robbery Mobley was driven by Leonard Bryson to Donald Erwin's residence which was located only minutes from the scene of the robbery. (Bryson was an admitted accomplice in the crime and prior to the trial pled guilty to grand larceny by possession.) Mobley was still dressed in his disguise at the time he arrived at the Erwin residence and thereafter, on Mobley's order or request, Leonard Bryson

---

*Judge William H. Williams is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

went to the home of the defendant for the purpose of bringing her to the Erwin residence. When he entered defendant's driveway she came to his vehicle without being summoned but then returned to the house and retrieved the same shopping bag which Bryson had earlier seen in his car which contained a change of clothing for Mobley. Bryson then took the defendant to the Erwin home where witnesses inside saw her enter the house carrying the bag containing the clothing. While there, Mobley then gave her some of the stolen coins which she was seen counting on the floor. Ms. Johnson and Mobley thereafter left the house together and she took the false beard and wig with her. They also took the other articles of merchandise and money taken in the robbery. Erwin drove Mobley and the defendant to a grocery store, then to a friend's house and finally to the Westgate Motel. There was also testimony from one Raymond Smedley to the effect that while at the Erwin home Mobley was seen counting "folding money" and handing it to the defendant, some of which she put into her bag or purse.

At the close of the State's case the defendant moved for a dismissal on the grounds that the State had not made a prima facie case or alternatively to reduce the charge against her to petit larceny because there was no showing that the property which she possessed or concealed was of a value in excess of $75. The motion was denied. She did not stand on her motion but proceeded to introduce testimony in her own behalf in an attempt to demonstrate that she could not have been involved in the holdup. At the close of the entire case she did not renew her motion. She now assigns error to the court's denial of her motion at the conclusion of the State's case.

This court has consistently adhered to the rule that a challenge to the sufficiency of the evidence at the close of the plaintiff's case is waived by a defendant who does not stand on her motion and proceeds to present evidence on her own behalf. *State v. Thomas*, 52 Wn.2d 255, 324 P.2d

821 (1958). Here the motion to dismiss was not renewed at the end of the entire case and we are, therefore, precluded from passing[1] on her assignment of error because it has been waived. *State v. Thomas, supra; State v. Goldstein,* 58 Wn.2d 155, 361 P.2d 639 (1961); *State v. Wilson,* 74 Wn.2d 243, 444 P.2d 141 (1968).

 With regard to defendant's second assignment of error, it is her theory that the State's witnesses, Erwin and Bryson, were covering vp their crimes by blaming them on Paul Mobley and the defendant. Defendant contends that she was not allowed during cross-examination to impeach the State's witnesses in regard to acts of misconduct (not related to the robbery) some of which amounted to crimes. The witnesses had not been convicted of the crimes and as a result defendant attempted to prove through cross-examination that they in fact had committed them. Defendant suggests she was precluded from impeaching Erwin and as a result did not later pursue the issue with other prosecuting witnesses. The general rule has been stated in *State v. Emmanuel,* 42 Wn.2d 1, 13, 253 P.2d 386 (1953):

> With regard to impeachment, it is provided by statute that a prior conviction may be shown for the purpose of affecting the weight of a witness' testimony. . . . But a witness may not be impeached by showing specific acts of misconduct. . . . This is true whether the impeachment is attempted by means of extrinsic evidence or cross-examination. . . . It is likewise true whether or not the past act of misconduct actually amounts to a crime.

Nor may a witness be impeached by contradiction on a collateral matter. *State v. Oswalt,* 62 Wn.2d 118, 381 P.2d 617 (1963); *State v. Hall,* 10 Wn. App. 678, 519 P.2d 1305 (1974). Defendant attempts to use the acts of misconduct in lieu of convictions, as a means of impeaching the witness. For the reasons stated above this is not permissible. She also contends that her proposed cross-examination was to

---

[1] In any event it is apparent from the facts as related with regard to defendant's assignment of error No. 4 that the State has made out a prima facie case.

show some sort of a conspiracy existing between those witnesses and the police whereby the witnesses were being protected in exchange for their testimony in the case against the defendant. The trial judge informed defendant's counsel that he could inquire into matters that might indicate any arrangement made between the witnesses and the police in the exchange for testimony but excluded acts of misconduct when used in lieu of convictions for the purpose of impeaching the witness. Additionally, the defendant's offer of proof did not demonstrate that evidence would be elicited from the witnesses which would fulfill such a function.

Defendant erroneously urges that related offenses may be brought out if intent is an issue and cites as authority *State v. Roff*, 70 Wn.2d 606, 424 P.2d 643 (1967), *State v. Goebel*, 36 Wn.2d 367, 218 P.2d 300 (1950), and others. Those cases involve the use of evidence of prior convictions or acts of misconduct against the defendant, not against the witness. The attempted impeachment questions were not asked of any of the subsequent witnesses following the adverse ruling by the court with regard to the cross-examination of Erwin. Since they were not asked and as a result not ruled on by the trial court they will not, therefore, be considered on appeal. *State v. Mudge*, 69 Wn.2d 861, 420 P.2d 863 (1966); *State v. Miller*, 66 Wn.2d 535, 403 P.2d 884 (1965). No argument or authority has been cited in support of defendant's contention that she was improperly denied cross-examination of Detective Kipfer and, therefore, we will not consider this contention. *Hamilton v. State Farm Ins. Co.*, 83 Wn.2d 787, 523 P.2d 193 (1974).

Defendant's third assignment of error involves the failure of the trial court to give a requested instruction. She argues that the trial court should have given her handwritten instruction (which was subsequently lost and not made a part of the court file) to the effect that momentary handling is not sufficient to constitute receiving stolen property. The trial court's refusal of the offered instruction does not constitute reversible error. In the first place, de-

fendant has failed to comply with CAROA 43, as she does not set out her proposed instruction in full as required by the rule. It therefore need not be considered by this court. Further, the instruction was not a proper statement of the law, as actual possession need not be shown for conviction of the crime as charged. Neither manual possession nor any actual touching of the goods by the receiver is a necessary prerequisite to the receipt of stolen goods. Control is the criterion and intentional control over the goods by the receiver is sufficient. *State v. Ashby*, 77 Wn.2d 33, 459 P.2d 403 (1969). The assignment is, therefore, without merit.

■ Defendant in her fourth assignment of error contends that the court should not have given its instruction No. 11, a standard aider and abettor instruction. She argues that by giving this instruction the jury could, under the evidence, convict her of aiding and abetting grand larceny with evidence relating to aiding and abetting a robbery, an offense with which she was not charged. The fallacy of this argument, however, lies in the fact that even though there is substantial evidence that Mobley committed a robbery, he nevertheless can be charged under RCW 9.54.010(5), an included offense which makes it a crime to "receive or aid in concealing or withholding any property wrongfully appropriated, . . ." *State v. Carden*, 50 Wn.2d 15, 308 P.2d 675 (1957). Accordingly, it follows by reason of the aider and abettor statute, RCW 9.01.030, that defendant can be charged with the crime of grand larceny if she aids and abets in the commission of a robbery. The evidence heretofore set out, if believed by the jury, makes out a prima facie case of aiding and abetting the robbery or the included offense of grand larceny as provided in subsection 5 and charged in the information. Consequently there is no merit to defendant's fourth assignment of error and the aider and abettor instruction was properly given.

■ Defendant in her final assignment of error contends that she was denied due process because of improper argument of the law and prejudicial statements by the prosecutor. This was a long, hard-fought case. It involved numerous

witnesses, conflicting testimony, and evidence of other crimes or misconduct intertwined in the case with an association among the witnesses which complicated the factual picture. Unfortunately there were occasions when emotions got out of hand and resulted in remarks which probably would have been better left unsaid. One of the statements objected to was in the form of a question by the prosecuting attorney. It was answered in such a way as would not be of benefit to the State and thus of no prejudicial effect. In any event the question could have properly been injected later in the case by way of argument. Other questions or statements by the prosecutor were precipitated by an answer Mobley gave to a question propounded by defendant's counsel. The answer was a deliberate attempt to circumvent a previous ruling by the court granting the prosecutor's motion in limine. Some of the statements by the prosecutor were objected to by defendant and the court in those instances sustained the objection and admonished the jury to disregard them. Taken in context, the objectionable statements were generally supported by the evidence; or were precipitated by defense witnesses, and in any event did not constitute such error as would require a reversal in the case. *State v. Rose*, 62 Wn.2d 309, 382 P.2d 513 (1963).

Moreover, although defendant objected to some of the questions or statements by the prosecuting attorney, she failed to object to others and at no time moved for a mistrial. She was willing to wait and gamble on a favorable verdict, and then claim error for the first time when the verdict was adverse. This cannot be done and the claim of error is waived. *Sun Life Assurance Co. of Canada v. Cushman*, 22 Wn.2d 930, 158 P.2d 101 (1945); *Casey v. Williams*, 47 Wn.2d 255, 287 P.2d 343 (1955); *Nelson v. Martinson*, 52 Wn.2d 684, 328 P.2d 703 (1958).

Judgment is affirmed.

EVANS (A.C.J.) and LANGSDORF, JJ. Pro Tem., concur.

Petition for rehearing denied September 22, 1975.

Review denied by Supreme Court November 24, 1975.