[No. 36742. En Banc. January 17, 1963.]

*In the Matter of the Application for a Writ of Habeas Corpus of* JOSEPH CHESTER SELF, *Petitioner,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*\*

*Daniel J. Riviera* and *Alan F. Austin,* for petitioner.

*The Attorney General* and *Philip H. Austin, Assistant,* for respondent.

DONWORTH, J.—This matter is before us on a petition for a writ of habeas corpus which raises the question of the constitutionality of the Laws of 1919, chapter 112, § 1 (RCW 9.48.030).

Petitioner was convicted of the crime of murder in the first degree in the Superior Court for King County. By special verdict, the jury inflicted the death penalty. Sentence was accordingly imposed on June 17, 1960. Petitioner appealed to this court where the judgment and sentence was affirmed. *State v. Self,* 59 Wn. (2d) 62, 366 P. (2d) 193 (1961). His application to the United States Supreme Court for a writ of certiorari was subsequently denied. 370 U. S. 929, 8 L. Ed. (2d) 508, 82 S. Ct. 1569.

After the filing of the habeas corpus petition in this court, execution of the judgment and sentence was stayed by order

\*Reported in 377 P. (2d) 885.

of the Chief Justice pending the consideration and disposition of the petition in this proceeding.

Petitioner in this court raises a question of constitutional law: Was section 1, chapter 112, Laws of 1919 (RCW 9.48-.030), which provides that the jury, in a prosecution on a charge of murder in the first degree, shall, by special verdict, determine whether the death penalty shall be inflicted, enacted in violation of Const. Art. 2, § 37 (RCW Vol. 0), which provides:

"No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length."?

Petitioner's brief states the question as follows:

"Is a statute, amendatory on its face, and in fact, of a prior legislative act, violative of Const. Art. II, § 37 where it purports to amend a section of a code compilation, makes no reference to the legislative act sought to be amended, and requires reference to a prior act to ascertain the legislative intent?"

The basis of petitioner's assertion that both the purported amendment of the Laws of 1909, chapter 249, § 140, relating to punishment for first-degree murder, by Laws of 1913 chapter 167, § 1, and the amendment of the 1913 act by the Laws of 1919, chapter 112, § 1, were in violation of the above-quoted constitutional provision, is founded on the legislative history of their antecedents.

Starting with the criminal code in 1909 (Laws of 1909, chapter 249), which provided, in section 140, that the punishment for first-degree murder should be either death or life imprisonment in the state penitentiary, in the discretion of the court, our attention is called to the following statutory enactments:

1. Laws of 1911, chapter 7, p. 8, which authorized the legislature to refer to Remington & Ballinger's Annotated Codes and Statutes of Washington (hereinafter referred to as Rem. & Bal. Code) when amending or repealing existing statutes.

2. Laws of 1913, chapter 167, p. 581, which purported to amend § 2392 of Rem. & Bal. Code by abolishing the death penalty and prescribing life imprisonment in the state penitentiary as the sole punishment for first-degree murder.

3. Laws of 1915, chapter 5, p. 18, which adopted Rem. & Bal. Code as the official compilation of existing statutes up to and including the year 1913.

4. Laws of 1919, chapter 112, § 1 (under which petitioner was sentenced) which provided:

"That section 2392 of Remington & Ballinger's Annotated Codes and Statutes of Washington be amended to read as follows:

"Section 2392. . . .

" . . .

"Murder in the first degree shall be punishable by imprisonment in the state penitentiary for life, unless the jury shall find that the punishment shall be death; and in every trial for murder in the first degree, the jury shall, if it find the defendant guilty, also find a special verdict as to whether or not the death penalty shall be inflicted; and if such special verdict is in the affirmative, the penalty shall be death, otherwise, it shall be as herein provided. All executions in accordance herewith shall take place at the State Penitentiary under the direction of and pursuant to arrangements made by the superintendent thereof."[1]

Petitioner's contention is that, since this last quoted amendment is invalid for the reason stated above, the only valid statute now in effect is Laws of 1909, chapter 249, § 140, which contains the following provision:

" . . .

"Murder in the first degree shall be punished by death or by imprisonment in the state penitentiary for life, in the discretion of the court."

---

[1] The wording of the first four subparagraphs of the Laws of 1909, chapter 249, § 140, and of § 2392 of Rem. & Bal. Code (as amended in 1913 and 1919) are identical except for the word "punished" instead of "punishable." The last (un-numbered) paragraph relating to the punishment was changed in 1913 and in 1919 to indicate the change in legislative policy. In other words, the section as amended in each instance is set forth at full length.

In support of this contention, petitioner relies mainly on our recent en banc decision in *Parosa v. Tacoma*, 57 Wn. (2d) 409, 357 P. (2d) 873 (1960). That case involved Laws of 1889-90, chapter 7, § 15, relating to both original incorporation of municipalities and annexations thereto. In the original compilation of the Revised Code of Washington (authorized by the legislature in 1941), the provisions contained in section 15 were divided into two code sections— RCW 35.21.010, relating to organization of municipal corporations, and RCW 35.27.020, relating to the permissible area to be included in fourth-class municipalities. Thereafter, in enacting Laws of 1951, chapter 109, § 1, the legislature purported to amend RCW 35.27.020 "as derived from section 15," in part, without setting forth in the amendatory bill the full text of the original section 15 as amended. A majority of this court was of the opinion that the attempted 1951 amendment was invalid because of the failure to comply with Art. 2, § 37, of the state constitution.

While all nine judges concurred in affirming the trial court's dismissal of Parosa's action to enjoin the proposed annexation, they did so for different reasons stated in three separate opinions:

(1) Four judges expressed the opinion that the original code committee, created by Laws of 1941, chapter 149, p. 418, had produced two volumes of a compilation of laws which the legislature had adopted by reference only as a prima facie compilation of the state's statute law in Laws of 1950, Ex. Ses., chapter 16, p. 33. These four judges stated the result of their opinion as follows:

"The enacting clause in Laws of 1951, chapter 109, p. 270, is:

" 'Section 35.27.020, R.C.W., as derived from section 15 of "An act providing for the organization, classification, incorporation and government of municipal corporations," Laws of 1889-90, page 141, is amended to read as follows:'

"In this respect, the 1951 legislature was following its own unconstitutional device for amending a section of an act in disregard of the specific constitutional mandate. The act before us does not purport to amend a section of an act, but only a section of a compilation entitled 'Revised Code

of Washington,' which is not the law. Such an act purporting to amend only a section of the *prima facie* compilation leaves the law unchanged."

(2) Two judges disagreed with the reasoning of the four judges in believing that Art. 2, § 37 had been violated in the amendment of section 15, and that that section, as amended, should be enforced.

(3) Three judges concurred with the first four that section 15 in its original form (without considering the purported amendment) must be given effect as the law of this state, but found "no compelling literal inconsistency between the prior statute and the 1951 enactment." They, therefore, concurred in the result reached in the opinion of the four judges.

■ We have already described above the several legislative enactments to which petitioner has called attention as bearing on the problem before us. It will be noted that, unlike the statute involved in the *Parosa* case, none of them contains any divided sections. The section of the original act (1909) was amended in 1913 as section 2392 of Rem. & Bal. Code which, in 1915, was adopted as an official code "up to and including the year 1913." In 1919, this same section, referred to as section 2392 of Rem. & Bal. Code, was again amended. Both in 1913 and in 1919 the section, as amended, was set forth at full length.

The references to section 2392 in the amendatory acts were to an official code (Remington & Ballinger's Annotated Codes and Statutes of Washington) which the legislature had adopted as such. The code section is referred to in the two amendatory bills (1913 and 1919), and the section amended in each instance is set forth at full length. Thus, in our opinion, Laws of 1919, chapter 112, § 1, is a valid enactment and, as amendatory of the prior act, does not violate Const. Art. 2, § 37.

Petitioner refers to our decision in *Naccarato v. Sullivan,* 46 Wn. (2d) 67, 278 P. (2d) 641 (1955), in which four exceptions to the operation of the foregoing constitutional

provision are discussed. We find nothing in that discussion which bears on the problem before us.

In his reply brief, petitioner further argues that it is extremely hazardous for the legislature to amend prior laws by reference to code compilation sections. However that may be, the question before us is whether the legislature, in amending the two sections involved in this case, set them forth at full length as required by the constitution. We hold that it did comply with the provision applicable to amendments, and that the code reference to Rem. & Bal. Code was proper since the legislature had officially adopted it for such purpose.

It follows that the petition for a writ of habeas corpus is denied, the stay of execution is dissolved, and respondent is directed to produce petitioner in the Superior Court for King County for setting the time of his execution in the manner provided by law.

It is so ordered.

OTT, C. J., HILL, FINLEY, WEAVER, ROSELLINI, HUNTER, and HAMILTON, JJ., concur.

February 27, 1963. Petition for rehearing denied.