[Nos. 203-40837-1, 255-41021-1.    Division One.    March 16, 1970.]
Panel 2

THE STATE OF WASHINGTON, *Respondent*, v. JAMES CONLEY HAYWOOD, *Appellant.*

*In the Matter of the Application for a Writ of Habeas Corpus of* JAMES CONLEY HAYWOOD, *Petitioner*, v. THE STATE OF WASHINGTON *et al., Respondent.*

*Lundin, Estep, Sindell & Haley* and *Donald D. Haley*, for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *Gerald M. Lorentson, Deputy,* for respondent.

UTTER, J.—Defendant was charged with the crime of indecent liberties. He waived his right to a jury trial and was found guilty by the trial judge. He was subsequently sentenced and has appealed. Counsel on appeal was appointed solely for the appeal by the trial court. Counsel has filed a

motion requesting permission to withdraw as counsel on the basis that no grounds for the appeal exist pursuant to *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). Counsel has filed a brief in which he sets out six categories denominated "POSSIBLE ASSIGNMENTS OF ERROR."

Two of these assignments deal with whether the record reflects evidence sufficient to convict the defendant and to show a voluntary, intelligent waiver of the jury, free from improper influence.

The trial court chose to believe the testimony of the witnesses for the prosecution. Their testimony furnished facts sufficient to support the trial court's conclusion. The record also contains facts from which the trial court could conclude the defendant waived his right to a jury intelligently, voluntarily and free from improper influence. *State v. Forza,* 70 Wn.2d 69, 422 P.2d 475 (1966).

■ There is no merit in defendant's claim he was too drunk to form a specific intent to commit the crime. The crime of indecent liberties is a crime for which no specific intent is required. *State v. Huey,* 14 Wn.2d 387, 128 P.2d 314 (1942).

■ The court ruled testimony by a police officer about a conversation between the officer and a doctor who had examined the victim was admissible. This ruling was proper inasmuch as defendant's counsel had previously introduced part of the same conversation as evidence. *Nellis v. Allen,* 268 Ala. 259, 105 So. 2d 659 (1958), 7 J. Wigmore, Evidence § 2113 (3d ed. 1940).

■ The charge against the defendant was in the words of the statute and not void for vagueness. *State v. Moss,* 6 Wn.2d 629, 108 P.2d 633 (1940).

■ Defendant complains the statute allows the prosecuting attorney to charge the defendant as either a felon or misdemeanant as prohibited in *Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956). He is in error. It provides the defendant, upon conviction, may be imprisoned in the peni-

tentiary or county jail and relates only to the proper sentencing discretion of the superior court.

Defendant has filed two writs of habeas corpus in addition to this appeal. The only new contention raised in these writs is defendant's claim that the sentencing provisions of RCW 9.95.040 are invalid. He contends the legislature, in repealing the prior sentencing statute, referred to the prior statute by its section number only and did not set out its full text as is required by the Washington Constitution. The procedure followed by the legislature in enacting RCW 9.95.040 was consistent with the procedure approved by the court in *Self v. Rhay*, 61 Wn.2d 261, 377 P.2d 885 (1963) and was proper.

Counsel's request to withdraw is granted, the appeal dismissed and judgment and sentence affirmed.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.