[No. 40943. Department Two. April 23, 1970.]

JACK R. CROWE et al., Appellants, v. REUBEN L. PRINZING et al., Respondents.*

*Bangs, Castle & Bright, Gerald L. Bangs,* and *Truman Castle,* for appellants.

*Martin, Niemi & Burch,* by *A. R. Hart,* for respondents.

*Reported in 468 P.2d 450.

HUNTER, C. J.—This appeal arises out of an automobile intersection collision. Jack Crowe, the disfavored driver, and his wife, plaintiffs (appellants), by their complaint seek to recover damages sustained as a result of the accident. Reuben Prinzing, the favored driver, defendant (respondent), counterclaimed for his damages sustained.

The plaintiffs left their home at 11:30 on a foggy morning for the purpose of going fishing. The amount of fog encountered at the intersection is in dispute. Mr. Crowe (hereafter referred to as the plaintiff) stopped his car on Fales Road at its intersection with Highway 202, a 2-way, single lane arterial in Snohomish County. He observed several cars that passed by with their lights on. He testified that the cars could not be seen until they were extremely close, although their lights could be seen at a greater distance. As he started to make a left turn onto the arterial, he stated the Prinzing car became visible, but it was too late to avoid a collision.

At the close of the plaintiff's case, the trial court granted the defendant's motion for a directed verdict in favor of the defendant on the plaintiff's complaint on the ground that the plaintiff was contributorially negligent as a matter of law. The jury held against the defendant on the defendant's counterclaim for damages. The plaintiff appeals from the judgment entered pursuant to the directed verdict.

■ We believe *Wolff v. Coast Engine Prods., Inc.,* 72 Wn.2d 226, 227, 432 P.2d 562 (1967), to be controlling in the disposition of the present case. We there stated:

> The presence of fog places added responsibilities on all drivers, but it does not lessen the obligation of a disfavored driver entering an intersection with an arterial to yield the right of way to drivers lawfully on the arterial, and the trial court did not err in instructing the jury that defendant Nelson was negligent as a matter of law for his failure to accord the favored driver on the arterial that right of way.

The factual pattern of *Wolff* is remarkably similar to that of the case before us. In *Wolff* the intersection was variously described as "saturated with fog," "visibility for a

block," or a "presence of fog." In the present case the testimony disclosed that visibility was from less than 100 feet to approximately 400 to 600 feet at the intersection.

The reasoning of *Wolff* is sound. While it is true that the presence of fog requires additional responsibility and caution on the part of both parties, this, however, does not in any respect relieve the disfavored driver of the duty to yield the right-of-way to the users of an arterial. The directed verdict against the plaintiff was properly entered.

The plaintiff contends, however, that the defendant's lights were not on so as to warn the plaintiff of the defendant's approach, that he was therefore deceived, and that the trial court erred in failing to submit to the jury the defendant's proposed instruction on deception. This contention is not supported by the record. There is no substantial evidence to show that the lights of the defendant's car were not on. The defendant testified:

> The fact is, when I hit the first patch of fog, I turned my lights on and left them on . . . No, I did not turn them off, because I knew it was patchy fog, and being acquainted with the area up there and knowing that I would probably hit more fog, I just left them on. . . . I got out of my car after it came to a stop, walked over to Mr. Crowe's car to see how they had fared, and then I noticed that my headlights were on, . . .

The plaintiff testified:

> I didn't see them [the lights], so I couldn't tell you whether they were on or off. I did not see them.

The trial court properly refused to submit a deception instruction to the jury.

The plaintiff also contends that expert opinion evidence regarding the defendant's speed was improperly excluded. We do not agree.

 In *Myers v. Harter*, 76 Wn.2d 772, 459 P.2d 25 (1969), we recently restated the rule that the admission of expert testimony is within the discretion of the trial court whose ruling should not be overturned absent an abuse of

discretion. Here the expert witness, Mr. Smith, stated on voir dire:

A. . . . If you want to tell me exactly how many feet of skid marks there was, then I can answer your question better, but whenever there is a smudge or skid mark, you have got a locked up wheel. Q. Well, there isn't any evidence as to exactly what those skid marks are. A. Well, I can't help you then.

The rule is that when an expert witness cannot properly express an opinion on the facts, it would be error to allow the testimony. *O'Donoghue v. Riggs,* 73 Wn.2d 814, 440 P.2d 823 (1968). In the instant case the trial court believed that the expert witness' testimony was too speculative, and it was not allowed. Having examined the record, we do not believe there was an abuse of discretion by the trial court to justify an overturning of its ruling in refusing to admit the testimony of the expert witness.

The judgment of the trial court is affirmed.

WEAVER, ROSELLINI, HALE, and NEILL, JJ., concur.