[No. 518-41230-1. Division One—Panel 1. November 2, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM FRANCIS OGLE, *Appellant*.

*Francis & Ackerman* and *Jack J. Ackerman*, for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney*, and *James E. Anderson, Deputy*, for respondent.

SWANSON, J.—William Francis Ogle was convicted of a felony in 1936, 1941, and in 1959. He was twice convicted of felonies in 1949. The convictions in 1959 and prior were the basis for a finding in 1959 that the defendant was an habitual criminal as defined in the second paragraph of RCW 9.92.090.[1] He was sentenced to life imprisonment, and even

---

[1]"Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been twice convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the state penitentiary for not less than ten years.

"Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony,

though RCW 9.95.040(3) requires that the Board of Prison Terms and Paroles must set his sentence at a minimum of not less than 15 years, he was out in 10, apparently having received credit for one-third of his sentence for good behavior. RCW 9.95.110. Soon after his release, defendant committed a robbery while armed with a deadly weapon, and an assault. He was convicted on March 5, 1969, for both crimes. On March 7, 1969, a supplemental information was filed accusing defendant of being an habitual criminal. Judge Roney, presiding without a jury, found the defendant guilty of being an habitual criminal for the second time, the 1959 determination being the first. The defendant was returned for sentencing to Judge Soderland who had presided over the robbery and assault trial. He received a maximum term of not more than life on both counts, to run concurrently. A life term was recommended as a minimum by the court to the Board of Prison Terms and Paroles.

Defendant's first two assignments of error question the legality of a proceeding to determine for a second time the defendant's status as an habitual criminal and the use in such proceeding of evidence of convictions of crimes used in a prior habitual criminal determination.

■ We find no error in the way the proceeding was conducted, but such a second proceeding was superfluous. A criminal found to be an habitual criminal under the first paragraph of RCW 9.92.090[2] where the punishment is set at not less than 10 years can be proceeded against thereafter under the second paragraph of RCW 9.92.090, because the second classification involves further criminal conduct for which there is a more severe penalty, namely, life imprisonment. But once the status of habitual criminal under the

who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been four times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state penitentiary for life."

[2]See n.1.

second classification has attached to a person, successive determinations for the same person are meaningless unless the Governor has pardoned him.[3] This is because the status once determined can be utilized thereafter by the sentencing court, upon receipt of proof of such status, in establishing the appropriate sentence for an habitual criminal convicted of another crime.[4] The maximum term, life imprisonment, as required by RCW 9.92.090,[5] and set by the trial court, was therefore proper.

The third assignment of error relative to the constitutionality of the habitual criminal statute is without merit. See *State v. Davis,* 53 Wn.2d 387, 333 P.2d 1089 (1959), and *Spencer v. Texas,* 385 U.S. 554, 17 L. Ed. 2d 606, 87 S. Ct. 648 (1967).

Judgment affirmed.

JAMES, C. J., and FARRIS, J., concur.

[3]RCW 9.95.040(3) provides that the Board of Prison Terms and Paroles "shall retain jurisdiction over such convicted person throughout his natural life unless the governor by appropriate executive action orders otherwise."

[4]The maximum sentence will always be life imprisonment unless the crime for which the habitual criminal has been convicted results in a more severe penalty, *i.e.,* the death penalty. The minimum sentence, to be fixed by the Board of Prison Terms and Paroles, cannot be less than 15 years (RCW 9.95.040(3)) unless the crime for which the habitual criminal has been found guilty prescribes a mandatory life sentence. In such circumstances the minimum term is 20 years, because RCW 9.95.115 allows the board to parole a person who has been sentenced to mandatory life imprisonment after the person has been continuously confined for 20 years with credit for good behavior. In the case at bar, the defendant was not convicted of a crime for which the penalty is mandatory life imprisonment; thus, the defendant's minimum sentence must be fixed at no less than 15 years.

[5]See n.1.