748

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE HENRY PITTS, *Appellant.*

*Larry L. Barokas,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *Kenneth W. Sharaga, Deputy,* for respondent.

HOROWITZ, A. C. J.—Defendant was convicted by the trial court, sitting without a jury, of the crime of indecent liberties. RCW 9.79.080 (2).[1] He appeals.

█ Defendant's court appointed counsel on appeal has filed a motion to withdraw as counsel because he finds no basis for the appeal. In conformity with the requirements of *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), he has filed a brief setting forth arguable

[1] RCW 9.79.080(2) reads: "Every person who takes any indecent liberties with or on the person of any child under the age of fifteen years, or makes any indecent or obscene exposure of his person, or of the person of another, whether with or without his or her consent, shall be guilty of a felony, and shall be punished by imprisonment in the state penitentiary for not more than twenty years, or by imprisonment in the county jail for not more than one year."

errors. The state has filed a motion and supporting brief to dismiss the appeal as frivolous. It is the court's duty to independently examine the record and determine whether any potentially reversible errors were committed below. *Anders v. California, supra; State v. Theobald,* 78 W.D.2d 173, 470 P.2d 188 (1970); *State v. Haverty,* 3 Wn. App. 495, 475 P.2d 887 (1970).

Defendant was charged with two counts of indecent liberties but the second count was dismissed. With respect to the first count the boy involved, age 12 at the time of the alleged incident, testified as to the following: Defendant, a neighbor, asked him to come next door and earn $2 by carrying boxes. Once inside defendant's home the boy was asked to go upstairs, and once there, defendant asked him if he could "see his wiener." After the boy said no, defendant grabbed him, kissed him on the neck and then pushed him on the bed and rubbed him "zipper to zipper." After 5 minutes of this activity defendant gave the boy 5 quarters and both went outside and began to fill garbage boxes to put in defendant's truck. The defendant then asked the boy why he didn't let him see his wiener and that another boy always did. The boy then left and went to the house of a Mrs. Johnson where, in tears, he related the events which had occurred.

■■ Appellant's counsel, without contending that they have merit, suggests eight possible errors for consideration. In our opinion, all lack support in either the record or the law or both. We discuss several of the suggestions by way of illustration. RCW 9.79.080(2), under which defendant was charged, is not too vague to be enforceable. *State v. Galbreath,* 69 Wn.2d 664, 419 P.2d 800 (1966). Nor does the statute violate the equal protection clause because it permits the trial court to place a convicted defendant in the county jail and fix his maximum sentence or alternatively, place him in the jurisdiction of the Department of Prisons and Paroles which later sets the maximum sentence. *State v. Haywood,* 2 Wn. App. 109, 466 P.2d 859 (1970); *see Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956).

Appellant's counsel does not suggest that there is insufficient evidence to support the findings and conclusions of guilt. However, our independent examination of the record which we are required to undertake under *Anders v. California, supra* shows the evidence to be sufficient. Nor do we find any error in the admission or refusal of evidence. We illustrate by reference to two suggestions of possible error. There was evidence that the boy ran directly from the defendant's house to a Mrs. Johnson, the mother of a friend of the boy, and while crying and in a frightened state of mind immediately began telling Mrs. Johnson of the incident. The statement was sufficiently spontaneous, natural and contemporaneous with the event to permit its admission in evidence under the res gestae exception to the hearsay rule. *Beck v. Dye,* 200 Wash. 1, 9-10, 92 P.2d 1113, 127 A.L.R. 1022 (1939); *Johnston v. Ohls,* 76 Wn.2d 398, 457 P.2d 194 (1969); *May v. Wright,* 62 Wn.2d 69, 381 P.2d 601 (1963); *Robbins v. Greene,* 43 Wn.2d 315, 261 P.2d 83 (1953). Nor do we think that the court erred by what is claimed to be the court's refusal to permit cross-examination of the boy for the purpose of establishing his bias as a witness. It is true that the denial of the right of cross-examination of a witness to show bias may be reversible error. *State v. Robbins,* 35 Wn.2d 389, 213 P.2d 310 (1950); *State v. Beaton,* 106 Wash. 423, 180 P. 146 (1919); *State v. Eaid,* 55 Wash. 302, 104 P. 275 (1909). In the instant case, however, the record fails to show that the court refused to permit further cross-examination to establish bias. The trial judge responded to the objection made with the statement, "Okay, ask another question." It appears, however, that the judge's response was treated as one overruling the objection. The question objected to had been answered and the questions which followed also dealt with bias and were asked without further objection. We are satisfied that the defendant has had a fair trial.

The motions are granted and the judgment is affirmed.

UTTER and WILLIAMS, JJ., concur.