[No. 3951-1.    Division One.    July 26, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. ALVIN L.
GILCRIST, *Appellant.*

*Allen M. Ressler* and *Richard L. Phillips,* for appellant
(appointed counsel for appeal).

*Robert E. Schillberg, Prosecuting Attorney,* and *Thomas
J. Wynne, Deputy,* for respondent.

REVELLE, J.*—This is an appeal of a jury verdict finding

_____

*Judge George H. Revelle is serving as a judge pro tempore of the
Court of Appeals pursuant to Laws of 1973, ch. 114.

appellant guilty of the crime of escape and from a subsequent order of the trial court adjudging him a habitual criminal and sentencing him to life imprisonment.

Appellant assigns error on three grounds:

1. The trial court committed error in sustaining the State's objection to the hypothetical question to Dr. Cooper.

2. The trial court erred in refusing appellant's proposed instruction on involuntary intoxication and in submitting State's instruction on both voluntary and involuntary intoxication to the jury.

3. The trial court erred in denying appellant's motion to dismiss the supplemental information alleging that appellant was a habitual criminal on the ground that punishment as a result of a previous conviction had not ceased.

We affirm as to points Nos. 1 and 3 and reverse as to point No. 2.

Appellant's first assignment of error is to the trial court's refusal to allow Dr. Cooper to answer the hypothetical question put to him by appellant's attorney. The admission of expert testimony is within the discretion of the trial court. An appellate court will not overturn the trial court's ruling absent an abuse of discretion. *Crowe v. Prinzing*, 77 Wn.2d 895, 468 P.2d 450 (1970). Where an expert cannot properly express an opinion on the facts, it would be error to allow the testimony. *Crowe v. Prinzing, supra.* Dr. Cooper's examination of defendant was too remote from the time of the act to be adequately related. *State v. Cogswell*, 54 Wn.2d 240, 339 P.2d 465 (1959). The facts must provide a sufficient basis for an opinion. *State v. Tyler*, 77 Wn.2d 726, 466 P.2d 120 (1970). Having reviewed the record, we do not find an abuse of discretion by the trial court to justify an overturning of its ruling. Appellant's attorney was allowed to ask general questions which Dr. Cooper, as an expert witness, could properly answer. We think these adequately covered the nature and effect of the drug used by appellant given the evidence available to the expert.

Appellant assigns error to the court's ruling that the habitual criminal statute may be applied to one who

commits a second felony while he is being punished for a previous offense. We hold that the statute, RCW 9.92.090, was properly applied by the trial court. *State v. Allen*, 75 Wn.2d 17, 448 P.2d 332 (1968), is analogous to this case. In that case, the Washington Supreme Court held that a habitual criminal charge may be based on the felony of escape committed while the defendant is still in jail for a previous felony conviction so long as enough time has passed between the two to allow adequate time and opportunity for the defendant to reform. In this case, appellant's first conviction occurred on September 17, 1972. His second conviction occurred on May 16, 1974. This case arose from an incident on November 11, 1974. We hold that 2 years was adequate time to allow defendant to reform.

The next assignment of error is the trial court's giving of the voluntary intoxication instruction to the jury. As in *State v. Maryott*, 6 Wn. App. 96, 492 P.2d 239 (1971), we are here concerned again with state action which may infringe on the ability to think and its conflict with due process of law. It is undisputed that the general rule is that when a person drinks intoxicating beverages or takes drugs for other than medicinal purposes he is voluntarily intoxicated and this type of intoxication is no defense to a crime requiring no specific intent. *State v. Huey*, 14 Wn.2d 387, 128 P.2d 314 (1942); *State v. Haywood*, 2 Wn. App. 109, 466 P.2d 859 (1970); Annot., 30 A.L.R. 761 (1924); 21 Am. Jur. 2d *Criminal Law* § 107 (1965).

However, where a physician prescribes the drug, an exception would apply. That is, in all cases we could find where a physician prescribed a medicine which caused intoxication that intoxication has been held to be involuntary. *Saldiveri v. State*, 217 Md. 412, 143 A.2d 70 (1958); 21 Am. Jur. 2d *Criminal Law* § 108 (1965). This has been held to be true even where the patient is prescribed, or inadvertently takes, an overdose. *Saldiveri v. State, supra; Perkins v. United States*, 228 F. 408 (4th Cir. 1915). This exception has also been held to apply when an overdose is adminis-

tered to a party by a person not a physician. *State v. Rippy,* 104 N.C. 752, 10 S.E. 259 (1889).

> With respect to addicts it has been held that
>
> addicts have a desire to stop using the drug but are unable to resist the craving for more of it, and it can hardly be said that a person in such condition is acting voluntarily in its continued use.

*Prather v. Commonwealth,* 215 Ky. 714, 716-17, 287 S.W. 559 (1926). Appellant here was, according to the record, an addict. He wanted to discontinue his habit. He sought the only help available to him at the prison. The Washington Supreme Court has recognized the obligation of prison officials to provide treatment for prisoners suffering from narcotics addiction. *Bresolin v. Morris,* 86 Wn.2d 241, 543 P.2d 325 (1975) (cited by defense counsel at St. 145); RCW 69.32.090.

Thus, the law and facts indicate the trial court should have instructed on involuntary intoxication only. To give a general instruction only when a specific instruction was asked for was error. *State v. Rippy, supra.* An involuntary intoxication instruction to the jury still leaves for their consideration the question of defendant's intent in the commission of the alleged offense.

Was this error prejudicial? A prejudicial error is defined by the courts of this state as one which affects or presumptively affects the final results of the trial. *State v. Britton,* 27 Wn.2d 336, 178 P.2d 341 (1947).

The rule regarding instructions specifically is that they will be presumed prejudicial unless it affirmatively appears that the error was harmless. *State v. Golladay,* 78 Wn.2d 121, 139, 470 P.2d 191 (1970).

When the appellate court cannot determine from the record whether or not the defendant would have been convicted if the correct instruction had been given, the error may not be regarded as harmless. *State v. Martin,* 73 Wn.2d 616, 627, 440 P.2d 429 (1968). Especially in this case where the consequences may be an adjudication of being a habitual criminal and an extended sentence, the defendant's

right to a fair trial requires that the verdict be set aside and that a new trial be granted.

WILLIAMS, C.J., and SWANSON, J., concur.

Petition for rehearing denied October 14, 1976.

Review by Supreme Court pending February 10, 1977.