[No. 3354–2.   Division Two.   September 6, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. ALLEN R. EATON, *Appellant.*

*Edward A. Hibbard,* for appellant (appointed counsel for appeal).

*Craig A. Ritchie, Prosecuting Attorney,* for respondent.

SOULE, J.—In November 1974, the defendant, Allen R. Eaton, ordered $1,021.42 in merchandise from CB Center of America (CB). CB accepted defendant's order and shipped the merchandise to defendant COD by United Parcel Service (UPS). Although CB instructed UPS to accept only cash or a certified check, the UPS employee making delivery accepted a check from defendant drawn on his business account. When payment on this check was refused due to insufficient funds, UPS paid CB the amount of the check and undertook to collect the amount paid from defendant. UPS's collection actions were unsuccessful.

As a result of this incident the defendant was charged and convicted of grand larceny by check. Defendant appealed this conviction and, in an unpublished opinion,

*State v. Eaton,* 18 Wn. App. 1022 (1977), this court found defendant to have been denied effective assistance of counsel and reversed the conviction. The defendant was retried and again convicted. Following his conviction the State filed a supplemental information charging defendant as a habitual criminal. The defendant waived a jury trial on the charge and the trial court, finding defendant to have one prior conviction, adjudged defendant to be a habitual criminal under paragraph 1 of RCW 9.92.090.

Defendant challenges his conviction and the habitual criminal finding on four grounds: (1) that the State should not have been allowed to introduce evidence of convictions for offenses committed subsequent to the instant offense; (2) that as the information charged defendant as a habitual criminal on the basis of two prior offenses, it was error for the trial court to find defendant a habitual criminal under paragraph 1 of RCW 9.92.090; (3) that the State should not have been allowed at the close of its case to amend its information to name UPS *or* CB as victim; and (4) that the trial court erred in denying defendant's motion to dismiss. After considering defendant's arguments we find that no error was committed and affirm.

### Admissibility of Convictions for Offenses Committed Subsequent to Instant Offense

Subsequent to the commission of the instant offense, defendant was convicted of grand larceny and second-degree theft. Evidence of these convictions was used to impeach defendant at his second trial on the present charge. Defendant assigns error to such use on the grounds that, as the offenses were committed after the present offense, they do not constitute "prior offenses."

RCW 10.52.030 provides that:

> Every person convicted of a crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, . . .

Although under normal circumstances convictions which are introduced under this statute will be convictions for offenses occurring prior to the offense for which the defendant is on trial, nothing in RCW 10.52.030 so limits admissible convictions nor is there any case law in this state imposing such a limitation.

In three jurisdictions which have considered the question, two have held that convictions for offenses occurring after the offense for which the defendant is on trial can be admitted and one has held, under a fact situation distinguishable from that in this case, that such convictions are not admissible. *See United States v. Gray,* 468 F.2d 257 (3d Cir. 1972); *State v. Owen,* 101 Ariz. 156, 416 P.2d 589 (1966); *Commonwealth v. McIntyre,* 417 Pa. 415, 208 A.2d 257 (1965).

In *United States v. Gray, supra,* the defendant argued that a manslaughter conviction could not be used for impeachment purposes at his trial on a robbery charge because the manslaughter occurred 15 months after the robbery. The court declined to adopt the position advocated by defendant and instead held that such convictions were admissible. As the court stated at page 261:

> When a defendant chooses to testify in his own behalf his credibility as a witness *as of that time* is at stake. Accordingly, the prosecution may, for impeachment purposes, *then* question him with respect to his prior conviction . . .

A similar rule was announced by the court in *State v. Owen, supra.* In *Owen,* the State sought to impeach the prior recorded testimony of a missing witness by introducing a conviction of the witness for an offense committed by the witness after he had given his prior testimony. The court, holding that prior testimony is subject to impeachment as is any other testimony and that proper impeachment includes the introduction of a felony conviction, allowed the State to introduce the conviction.

Although the court in *Commonwealth v. McIntyre, supra,* reached a different result than did the courts in

*United States v. Gray, supra,* and *State v. Owen, supra,* it did so under different facts. In *McIntyre,* the defendant was accused of both murder and burglaries, the murder occurring some months prior to the burglaries. Instead of bringing the defendant to trial on the murder charge and then on the burglary charge, the State elected to try the defendant first on the burglary charge. The court held that under such circumstances, the conviction for a subsequent offense cannot be introduced at the defendant's trial on a prior offense.

■ RCW 10.52.030 specifically provides that a conviction is admissible for the purpose of affecting the weight of the witness' *testimony.* For this purpose, it is irrelevant whether the conviction is for an offense committed before or after the offense for which the defendant is on trial. What is relevant is the recency and nature of the offense. For this reason, we adopt the position of the court in *United States v. Gray, supra,* and *State v. Owen, supra,* and hold that unless the State has brought a defendant to trial in an order other than that in which the offenses were committed *for the sole purpose* of obtaining impeaching convictions, convictions for a subsequent offense can be introduced to impeach the defendant at his trial on a prior offense. Because the State in this case did bring the defendant to trial in the order in which the offenses were committed, we find that the trial court did not err in allowing the State to introduce evidence of the defendant's convictions for subsequent offenses.

## HABITUAL CRIMINAL CHARGE

The supplemental information which charged defendant as a habitual criminal stated that the defendant had twice previously been convicted of felonies. Although defendant did, at the time of the habitual criminal proceeding, have two prior convictions, because only one of these convictions was committed prior to the instant offense the trial court found the defendant to be a habitual criminal not under

paragraph 2, but under paragraph 1 of RCW 9.92.090.[1] The defendant argues that the trial court should not have found him to be a habitual criminal because (1) he was charged only under paragraph 2 of RCW 9.92.090 and paragraph 1 is not a lesser included offense of paragraph 2 and (2) because he did not have notice that he was being charged under paragraph 1.

■ RCW 9.92.090 creates a status and not a separate offense. *Frye v. Delmore,* 47 Wn.2d 605, 288 P.2d 850 (1955); *State v. Shaffer,* 18 Wn. App. 652, 571 P.2d 220 (1977). Attempts to characterize paragraph 1 as a lesser included offense of paragraph 2 are inappropriate. If any characterization is to be made, it should be merely in terms of the quantum of proof necessary to support the charge.

■ A prosecutor is not required, either by statute or court rule, to specify in the information whether he seeks to have the defendant declared a habitual criminal under paragraph 1 or 2 of RCW 9.92.090. In charging an individual as a habitual criminal, it is sufficient that the information contains a plain, concise, and definite statement of the facts supporting the charge.

The information filed in this case placed the defendant on notice that he was being charged as a habitual criminal

---

[1]RCW 9.92.090 states:

"Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been twice convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the state penitentiary for not less than ten years.

"Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been four times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state penitentiary for life."

on the basis of prior convictions. Although the information stated that the defendant had two prior convictions, the State did not allege that it was proceeding solely under paragraph 2 nor did the language of the information so limit the charge. The information was sufficient and the habitual criminal finding stands.

## AMENDMENT OF INFORMATION

Although the original information named CB as victim, at the close of its case the State was allowed to amend the information to name CB *or* UPS as victim.

■ An information may be amended at any time up until the entry of judgment. CrR 2.1(d). The granting of a motion to amend will not constitute reversible error unless, by allowing the amendment, the substantive rights of the defendant have been prejudiced. *State v. Wait,* 9 Wn. App. 136, 509 P.2d 372, 65 A.L.R.3d 578 (1973). Although the defendant objected at trial to the amendment, he did so not on the basis that such an amendment would prejudice his ability to present his defense, but on the basis that there was no evidence to support the amendment. The record reveals that defendant admitted that he did not pay UPS and that UPS did pay CB. Clearly, UPS sustained a loss. As the defendant has not alleged that he was prejudiced by the amendment, and our review of the record reveals none, we find that the trial court did not err in allowing the State to amend the information.

## MOTION TO DISMISS

At the close of the State's case, defendant moved for dismissal on the grounds that the State had failed to establish intent to defraud. This motion was denied and the defendant presented his case. Defendant did not renew his motion at the close of his case.

■ In order to preserve a motion to dismiss, the defendant must renew the motion at the close of his case. Failure to renew the motion will be deemed to constitute waiver of the objection. *State v. Thomas,* 52 Wn.2d 255, 324 P.2d 821 (1958); *State v. Johnson,* 14 Wn. App. 225,

540 P.2d 435 (1975). Because defendant did not renew his motion, we find that he waived his objection.

For the reasons set forth above, we affirm defendant's conviction and the finding that he is a habitual criminal.

PEARSON, C.J., and REED, J., concur.