[No. 6877–6–I.   Division One.   February 4, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. ALVIN LAWRENCE GILCRIST, *Appellant.*

*David C. Mitchell* and *Kafer, Good & St. Mary,* for appellant (appointed counsel for appeal).

*Russ Juckett, Prosecuting Attorney,* and *James B. Roche, Deputy,* for respondent.

WILLIAMS, J.—In 1975, Alvin Gilcrist was convicted of escape, RCW 9.31.010, and subsequently adjudged a habitual criminal. The escape conviction was reversed in *State v. Gilcrist,* 15 Wn. App. 892, 552 P.2d 690 (1976), and a new trial granted. On retrial, Gilcrist was again convicted. Thereafter, the trial court adjudged Gilcrist a habitual criminal based upon findings made during his first trial and upon the fact that he had been adjudged a habitual criminal by a jury verdict entered following a conviction for first–degree assault in 1977.[1]

Gilcrist first contends that his due process rights were violated by the trial court's instruction to the jury that "[t]he defense of involuntary intoxication must be established by a preponderance of the evidence."

Escape as defined in RCW 9.31.010 is a general intent crime, thus, temporary insanity caused by involuntary intoxication is a complete defense. *State v. Mriglot,* 88 Wn.2d 573, 564 P.2d 784 (1977). The defendant has the burden of establishing the insanity defense by a preponderance of the evidence. That burden of proof is consistent with due process. *State v. McDonald,* 89 Wn.2d 256, 271–72, 571 P.2d 930 (1977). It is, therefore, proper to require the defendant to prove by a preponderance of the evidence that the temporary insanity resulted from involuntary intoxication. This allocation of the burden of proof presents a due process problem only if the absence of an essential element of the crime charged is an affirmative defense. *Patterson v. New York,* 432 U.S. 197, 210, 53 L. Ed. 2d 281, 292, 97 S. Ct. 2319 (1977). The absence of involuntary

---

[1]That conviction and the habitual criminal determination were affirmed in *State v. Gilcrist,* 91 Wn.2d 603, 590 P.2d 809 (1979), but were on appeal when the trial court relied upon the findings entered therein.

intoxication is not an essential element of the crime of escape. RCW 9.31.010. The trial court properly instructed the jury on the burden of proof.

■ Gilcrist also contends that it was error to adjudge him a habitual criminal based upon findings entered in the previous proceedings. This contention is without merit.

> [O]nce the status of habitual criminal under the second classification has attached to a person, successive determinations for the same person are meaningless unless the Governor has pardoned him. This is because the status once determined can be utilized thereafter by the sentencing court, upon receipt of proof of such status, in establishing the appropriate sentence for an habitual criminal convicted of another crime.

(Footnotes omitted.) *State v. Ogle,* 3 Wn. App. 549, 550–51, 475 P.2d 913 (1970). In 1977, Gilcrist had been adjudged a habitual criminal during a collateral proceeding in which he was charged and convicted of first–degree assault. That adjudication has been affirmed by the Supreme Court. *State v. Gilcrist, supra.* Because Gilcrist's status as a habitual criminal has been decided, we need not consider it on this appeal. *State v. Ogle, supra.*

Affirmed.

DORE and RINGOLD, JJ., concur.